UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| American Civil Liberties Union of Minnesota, National Congress of American Indians, and Bonnie Dorr-Charwood, Richard Smith and Tracy Martineau, | ) ) ) ) | Case No. 04-CV-4653 (JMR/FLN) |
| Plaintiffs, | ) ) | **JUDGMENT BY CONSENT** |
| v. | ) ) | |
| Mary Kiffmeyer, in her official capacity as Secretary of State for the State of Minnesota, | ) ) ) ) | |
| Defendant. | ) ) | |

## BACKGROUND

1.    *Nature of the Action.*  This action arose out of a Complaint filed in October 2004, wherein the above-named Plaintiffs alleged that Minnesota Statutes and Rules pertaining to voter registration and directives issued by the Minnesota Secretary of State violate the equal protection rights of American Indians desiring to register to vote in two ways: (a) by accepting photo tribal identification from federally-registered tribes, complete with name, street address and signature, only from American Indians living on the reservation, and not from American Indians with such identification living elsewhere in Minnesota; and (b) by not allowing photo tribal identification from federally-registered tribes without a current address to be used together with a current utility bill as sufficient proof of residence and identity, while accepting multiple other forms of photo identification without a current address, including certain student identification cards, as sufficient when presented with a current utility bill.  Plaintiffs also alleged that

Minnesota's voter registration laws also violate the Help America Vote Act, 42 U.S.C.

§ 15483, subd. (b) (2002) ("HAVA") with respect to individuals registering or attempting

to register to vote by mail who have not previously voted in a particular state for federal

office, because Minnesota law and directives issued by the Secretary of State regarding

what forms of identification are sufficient at the polling place for individuals registering

to vote by mail who have not previously voted in Minnesota for federal office, are

inconsistent and more restrictive than the requirements established by HAVA.

2.      *Previous Temporary Relief.*  By Temporary Restraining Order dated

October 29, 2004, this Court found that Plaintiffs have a likelihood of success of the

merits, and that Plaintiffs have otherwise met the four predicate requirements for issuance

of a temporary restraining order as set forth in *Dataphase System,* Inc. v. *CL System, Inc.,*

640 F.2d 109, 113 (8th Cir. 1981).  The Court also specifically ordered, in part, as

follows:

> (a) For purposes of Minn. Stat. § 201.061, subd. 3, tribal
> identification cards that contain the name, address, signature and
> picture of the tribal member will have the same status as a
> Minnesota driver license. Therefore, such tribal identification
> cards are sufficient proof of identity and residency, and may be used
> without any other documentation to register to vote on election day
> in the precinct in which the address on the tribal identification card
> is located, without regard to whether the tribal members live on or
> off their tribal reservations.

> (b) For purposes of Minn. Rule Part 8200.5100, photographic tribal
> identification cards that do not contain any address or a current
> address can be used to meet the standards of subpart 2(A).
> Therefore, a tribal member can use such tribal identification card
> together with a current utility bill to register to vote on election
> day in the precinct in which the address on the utility bill is located.

3.     *Intervening Legislative Development.*  By 2005 amendment to Minn. Stat. § 201.061, subd. 3, which was signed into law by the Governor of Minnesota, the Minnesota Legislature amended § 201.061, subd. 3, to eliminate the requirement that American Indians live on their tribes' reservations, before tribal identification issued by a federally recognized tribe and containing the name, address, signature and picture of the individual is treated as sufficient documentation to register to vote in the precinct in which the address on the tribal identification card is located.  As amended, tribal identification issued by a federally recognized tribe and containing the name, address, signature and picture of the individual can be used to register to vote in any precinct in the State of Minnesota in which the address on the tribal identification card is located. The new legislation moots one of the claims brought by Plaintiffs.

4.     *Remaining Claims.*  The amendments to Minn. Stat. § 201.061, subd. 3, do not moot Plaintiffs' claims under HAVA or Plaintiffs' claim that Minn. Rule Part 8200.5100 violates the equal protection rights of American Indians by not allowing photo tribal identification from federally-registered tribes without a current address to be used together with a current utility bill as sufficient proof of residence and identity, while accepting multiple other forms of photo identification without a current address, including passports, military and certain student identification cards, as sufficient when presented with a current utility bill.

5.     *Final Disposition.*  Plaintiffs and Defendant now wish to resolve the remaining claims as set forth in this Consent Judgment.

## TERMS OF CONSENT JUDGMENT

1.     *Jurisdiction.*

    a.     Plaintiffs have standing to bring their claims, and the Court has jurisdiction to hear Plaintiffs' claims under 42 U.S.C. § 1983, the Supremacy Clause of the Constitution and 28 U.S.C. § 1331.

2.     *Parties.*

    a.     Plaintiffs, in whose favor judgment, in part, shall be entered, are The American Civil Liberties Union of Minnesota, The National Congress of American Indians, and Bonnie Dorr-Charwood, Richard Smith and Tracy Martineau.

    b.     Defendant, against whom judgment, in part, shall be entered, is Mary Kiffmeyer, in her official capacity as Secretary of State for the State of Minnesota.

3.     Injunctive Relief.

    a.     Identification cards issued by the tribal government of a tribe with a reservation located in whole or in part in the State of Minnesota and recognized by the Bureau of Indian Affairs, United States Department of the Interior, which contain the name and picture of the individual, shall be, for purposes of any election conducted in Minnesota after the date this judgment was approved by the Court to which Minn. Stat. § 201.061 and Minn. Rule 8200.5100 apply, sufficient to meet the standards of Minn. Rule 8200.5100,

Subpart 2(A).  Therefore, a tribal member can use such tribal identification card together with a current utility bill that meets the standards of Minn. Rule 8200.5100, Subpart 2(B) to register to vote on Election Day in the precinct in which the address on the utility bill is located.

b.    The Minnesota Secretary of State shall commence rulemaking by April 1, 2006, pursuant to Minn. Stat. Sec. 201.061, Subd. 3(2) and otherwise, and later complete that rulemaking, to amend Minnesota Rule 8200.5100, Subpart 2(A), so that, at minimum, it includes identification cards issued by the tribal government of a tribe with a reservation located in whole or in part in the State of Minnesota and recognized by the Bureau of Indian Affairs, United States Department of the Interior, which contain the name and picture of the individual, on the list of acceptable photo identification cards.  The rulemaking procedure shall include notice and comment procedures and in connection therewith, the Plaintiffs hereto shall be free to urge the Secretary to exceed the minimum required by this Paragraph, and the Secretary shall be free to exceed this minimum.  The obligation to commence and/or complete rulemaking shall be suspended in the event the Minnesota Legislature passes and the Governor signs legislation that specifies in substance that identification sufficient to register to vote on

election day includes identification cards issued by the tribal

government of a tribe with a reservation located in whole or in part

in the State of Minnesota and recognized by the Bureau of Indian

Affairs, United States Department of the Interior, which contain the

name and picture of the individual, when presented together with a

current utility bill that meets the standards of Minn. Rule 8200.5100,

Subpart 2(B).

4.     *Voluntary Dismissal.*  Plaintiffs have elected to dismiss their claims

alleging violation of the Help America Vote Act, 42 U.S.C. § 15483, subd.

(b) (2002) ("HAVA") without prejudice, including without prejudice to

their rights to re-file such claims, and such claims shall be dismissed

without prejudice.  This Consent Judgment is also without prejudice to

whatever additional claims the Plaintiffs might have relating to the use of

tribal identification to register to vote.

5.     *Binding*.  This Consent Judgment is final and binding on the Parties and

their successors.

6.     *Term of Judgment and Enforcement.*  The Parties have the right to enforce

this Consent Judgment as follows:

a.     The United States District Court for the District of Minnesota

will retain jurisdiction over this action for the purpose of ensuring

compliance and enforcing the provisions of this Consent Judgment,

until Minnesota Rule 8200.5100, Subpart 2(A) is amended as set forth above.

b.  The parties to this Consent Judgment must negotiate in good faith to resolve any dispute relating to the implementation of this Consent Judgment before bringing such dispute to the Court's attention.

7.  *Costs and Attorneys' Fees*  All parties shall bear their own costs and attorneys' fees, provided, however, that Plaintiffs reserve their rights to seek costs and attorneys' fees on their claims and otherwise in the event there were material non-compliance by the Defendant with the terms and conditions of this Consent Judgment

8.  *Completeness*.  This Consent Judgment embodies the full terms of the agreement and understanding between the parties related to the subject matter of this action and this Judgment.

9.  *Signatories*.  Counsel for all parties represent that they are fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind their clients to this Consent Judgment.

SO ORDERED THIS 12th DAY OF September, 2005.

By:  s/James M. Rosenbaum
     James M. Rosenbaum
     UNITED STATES DISTRICT JUDGE

The Consent Judgment in the matter of American Civil Liberties Union of Minnesota etc. v. Mary Kiffmeyer etc., Case No. 04-CV-4653 (JMR/FLN) (D. Minn.) is agreed to and approved by the undersigned, on behalf of their clients:


Dated: Sept. 8, 2005                    DORSEY & WHITNEY LLP


                                        By _s/Timothy E. Branson_
                                            Timothy E. Branson (#174713)
                                            Skip Durocher (# 208966)
                                            Angela M. Hall (#311066)
                                        50 South Sixth Street, Suite 1500
                                        Minneapolis, MN  55402-1498
                                        Telephone: (612) 340-2600

                                        ATTORNEYS FOR PLAINTIFFS
                                        Of Counsel:

                                        Teresa Nelson (#0269736)
                                        American Civil Liberties Union of Minnesota
                                        450 North Syndicate Street, Suite 230
                                        St. Paul, MN  55104
                                        Telephone: (651) 645-4097


Dated: Sept. 8, 2005,                   LOCKRIDGE GRINDAL NAUEN PLLP


                                        By: _s/Christian M. Sande_
                                            Charles N. Nauen (#121216)
                                            Christian M. Sande (026474X)
                                        100 Washington Avenue South, Suite 2200
                                        Minneapolis, MN  55401
                                        Telephone: (612) 339-6900

                                        ATTORNEYS FOR PLAINTIFF
                                        BONNIE CHAR-DORWOOD



Dated: Sept. 8, 2005                    MIKE HATCH

Attorney General
State of Minnesota


By: *s/Christie B. Eller*
    Christie B. Eller (# 6658)
    Kristine L. Eiden (# 19301)
    Thomas C. Vasaly (# 112501)

445 Minnesota Street, Suite 1800
St. Paul, MN  55101-2134
(651) 296-9421 (Voice)
(651) 282-2525 (TTY)

ATTORNEYS FOR DEFENDANT